UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re                                               :    Chapter 11

TOTAL CONTAINMENT, INC.          :

    Debtor                                     :    Bankruptcy No. 04-13144F

...............................................

ORDER

...............................................

AND NOW, this 14th day of March 2006, upon the motion of Twin Oil Company and the Five Group Corp. for relief from the automatic stay,

And upon consideration of the chapter 11 trustee's opposition thereto,

And after an evidentiary hearing,

And the trustee agreeing that the proceeds of certain insurance policies are not property of the estate.  See Matter of Edgeworth, 993 F.2d 51 (5th Cir. 1993); First Fidelity Bank v. McAteer, 985 F.2d 114 (3d Cir. 1993),

And the trustee intends to liquidate all of the assets of the estate and thus the debtor will not receive a bankruptcy discharge, pursuant to 11 U.S.C. § 1141(d)(3),

And the movants have not filed any claims in this bankruptcy case and the deadline for doing so has expired,

Accordingly, it is hereby ordered that the instant lift-stay motion is granted in part.  The bankruptcy stay is modified so that the movants may exercise their non-bankruptcy law rights to prosecute all prepetition claims they may hold or assert against the debtor.  However, the movants may not execute upon estate property or seek payment from estate property.  To the extent a non-bankruptcy forum determines that the movants hold valid claims against the debtor, they may recover or obtain payment on those claims,

to the extent permitted by relevant non-bankruptcy law, only from the proceeds of the following insurance policies:

> Commercial General Liability Coverage, Policy No. 546-85-09, issued by Commerce & Industry Insurance Company of Canada for insured Les Placement CMI Inc., Total Containment Inc., "any past, present and/or future subsidiary or controlled companies as may be created or acquired" and "any of their pension plans, committee members, employee clubs and recreational organizations," covering the period from June 30, 1999 to June 30, 2000;
>
> Commercial General Liability Coverage, Policy No. CGL 0283361, issued by Gulf Insurance Company for insured Total Containment, Inc., covering the period from November 20, 1998 to November 20, 2000 at 12:01 A.M. Standard Time;
>
> Commercial Lines Policy, Policy No. PHPK000385, issued by Philadelphia Indemnity Insurance Company for insured Total Containment, Inc., covering the period from January 24, 2001 to January 24, 2002 at 12:01 A.M. Standard Time;
>
> Commercial Lines Policy, Policy No. HULT100258, issued by Philadelphia Indemnity Insurance Company for insured Total Containment, Inc., covering the period from January 24, 2000 to January 24, 2001 at 12:01 A.M. Standard Time;
>
> Commercial Excess Liability Policy, Policy No. PHUM400273, issued by Philadelphia Indemnity Insurance Company for insured Total Containment, Inc., Morin, Inc. and American Containment, Inc., covering the period from January 24, 1999 to January 24, 2000 at 12:01 A.M. Standard Time;
>
> Commercial Lines Policy, Policy No. PHPG400594, issued by Philadelphia Indemnity Insurance Company for insured Total Containment, Inc., covering the period from January 24, 1999 to January 24, 2000 at 12:01 A.M. Standard Time.

Commercial General Liability Coverage, Policy No. CGL 0283361, issued by Gulf Insurance Company for insured Total Containment, Inc., covering the period from November 20, 1998 to November 20, 2000 at 12:01 A.M. Standard Time, plus all endorsements this policy.

_____
BRUCE FOX
United States Bankruptcy Judge

copies to:

Dimitri L. Karapelou, Esquire
Ciardi & Ciardi, P.C.
One Commerce Square, Suite 2020
2005 Market Street
Philadelphia, PA 19103

Deirdre M. Richards, Esquire
Obermeyer Reibman Maxwell & Hippel, LLP
One Penn Center, 19th Floor
1617 John F. Kennedy, Blvd
Philadelphia, PA 19103